285 P.2d 163

**The STATE of Arizona, Plaintiff,**

v.

**Archie O. TUCKER, Defendant.**

No. 1056.

Supreme Court of Arizona.

Dec. 14, 1954.

Ross F. Jones, Atty. Gen., Earl E. Weeks, Asst. Atty. Gen., Wm. P. Mahoney, Jr., County Atty., Phoenix, for the State.

W. T. Choisser, Phoenix, for defendant.

LA PRADE, Justice.

Purportedly under the authority of Section 44–2401, A.C.A.1939, the Superior Court of Maricopa County, Division 8, Judge Henry Stevens presiding, has certified six questions to this court.

By direct information the state accused Archie O. Tucker of drunk driving and of reckless driving. To support the state's accusation of reckless driving a bill of particulars specified that Tucker drove his automobile in such manner as to weave across the middle line of the street and create a hazard to the oncoming traffic, and also that Tucker nearly struck a legally parked automobile. The defendant moved to quash the reckless driving count claiming that it failed to state facts con-

stituting an offense. The defendant contended that under the facts as disclosed by the bill of particulars no reckless conduct was charged.

The statute claimed to have been violated is Section 66-157, A.C.A.1939, as amended, which in part reads:

"Reckless driving.—(a) Any person who drives any vehicle in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving."

The questions certified from the court below read:

"1. In the prosecution of a complaint or direct information relating to the offense of reckless driving does the term 'safety of persons' include the person of the driver-defendant and may there be a conviction even though the driver-defendant and his safety are the only ones being disregarded?"

"2. In the prosecution of a complaint or a direct information relating to the offense of reckless driving, does the term 'safety of * * * property' include the vehicle being driven by the driver-defendant even though there be no other property which is endangered by being so disregarded."

"3. Must the conduct which is 'wilful or wanton disregard' be measured by the course of travel of the vehicle or by the presence of other persons or property in such manner as to totally exclude any reference to whether or not the driver-defendant was under the influence of intoxicating liquor?"

"4. May the State offer evidence in a reckless driving case that at the time and place in question the driver-defendant was either (a) under the influence of intoxicating liquor within the prohibited limits specified in Sec. 66-156, or (b) that the driver-defendant had been drinking?"

"5. May the conduct which is 'wilful or wanton disregard' be that of ordinary negligence if there is evidence that at the same time and place the defendant-driver was driving under the influence of intoxicating liquor?"

"6. Are the offenses set forth in Sec. 66-156 and Sec. 66-157 so totally distinct, one from the other, that the only matter in common and subject to common evidence in the trial of joint charges be the fact of driving of a vehicle?"

The authority to certify questions to this court is found in Section 44-2401, A.C.A. 1939, which reads:

"When case to be certified to the appellate court.—If upon a motion to quash an indictment or information or any count thereof or if after verdict or finding of guilty but before sentence any question of law shall arise which in the opinion of the trial court is so important and doubtful as to require the decision of the appellate court, the

trial court may, if the defendant consents, certify the case to the appellate court so far as may be necessary to present the question of law arising therein, and thereupon all proceedings in the cause shall be stayed to await the decision of the appellate court."

 It is apparent from this statute that when questions are certified to this court which arise from a motion to quash an information they must relate to the pleadings. In view of this we fail to see the basis for the trial court's certification of questions one and two. Whether a person may be found guilty of reckless driving for endangering his own person or property is not a question posed by the pleadings. In fact, the contrary is the case. The State specified by the bill of particulars that Tucker drove across the white line dividing the highway and thereby endangered oncoming traffic; that Tucker nearly drove into a legally parked automobile; and that he was under the influence of intoxicating liquor. It appears obvious that the facts alleged would, if proved, indicate that Tucker did endanger other persons or property. Consequently, the questions certified are abstract.

The remaining questions, from three to six, are also improperly certified. The defense moved to quash the information for failing to state an offense. The issue created by the motion to quash was the sufficiency of the allegation of the information to state an offense. The questions certified by the trial court relate to evidentiary matters which might develop at the trial, and relate to no justiciable issue created by the pleadings.

The questions certified are not within the scope of the certification statute, and this court is not empowered to render decisions thereon. .

PHELPS, C. J., and STANFORD, UDALL and WINDES, JJ., concur.